**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 20-1710

————————————

DEBBIE GORE and DORIS LANCE SMITH,
on behalf of themselves and all others similarly situated,

Appellants

v.

BRUCE H. NAGEL; ANDREW L. O'CONNOR; ROBERT H. SOLOMON; NAGEL
RICE, LLP; DEREK POTTS; POTTS LAW FIRM, LLP; BAILEY PEAVEY BAILEY
COWAN HECKAMAN, PLLC; BAILEY PEAVEY BAILEY; BAILEY PERRIN BAI-
LEY; MESH LITIGATION CENTER; ANNIE McADAMS; STEELMAN McADAMS;
JUNELL & ASSOCIATES, PLLC; K. CAMP BAILEY PC; BURNETT LAW FIRM;
JOHN DOES 1–100; ABC CORPS. 1–100

————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-14287)
District Judge: Hon. Madeline C. Arleo

————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2020.

Before: AMBRO, BIBAS, and ROTH, *Circuit Judges*

(Filed: May 27, 2021)

————————————

**OPINION**[*]

————————————

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

BIBAS, *Circuit Judge*.

Plaintiffs normally may not sue in one state but then invoke another state's cap on attorney's fees. Debbie Gore and Doris Lance-Smith hired Texas lawyers to bring and settle a Texas products-liability case. Though they now seek a refund under a New Jersey fee cap, their settlement had almost nothing to do with New Jersey. So we will affirm the District Court's dismissal.

## I. BACKGROUND

Thousands of women sued a Johnson & Johnson subsidiary over injuries caused by their pelvic-mesh implants. Two of them were Gore, a Texan, and Lance-Smith, an Alabaman. They hired Texas law firms to sue the company. They agreed that if they recovered any money, they would give the firms a 40% cut and cover some of the firms' costs (from their own share).

At first, the Texas lawyers added Gore and Lance-Smith to a large pelvic-mesh case in New Jersey. They partnered with local counsel and filed a five-page, fill-in-the-blanks complaint for each woman in New Jersey state court. The complaints said that the women wanted to join the thousands of other women already in that case.

Then, before doing anything else in New Jersey, the Texas lawyers changed tactics. They stopped pursuing the New Jersey case for these two women and switched to Texas. There, the firms negotiated a master settlement for thousands of pelvic-mesh patients. A Texas state court supervised the negotiations, and a Texas special master oversaw the settlement payments. Gore and Lance-Smith both settled. The Texas court approved their settlements, including the attorney's fees.

2

Gore and Lance-Smith now claim that the Texas lawyers overcharged them. New Jersey court rules limit product-liability lawyer's fees to at most a third of the award. N.J. Ct. R. 1:21-7(c). They also limit which expenses these lawyers can deduct from a client's share. *Id.* R. 1:21-7(d). The women's fee agreements exceeded both limits. Though their cases were settled in Texas, the women argue, the New Jersey rules applied because the Texas lawyers did some work there. So they brought this suit, demanding a refund.

The District Court disagreed. Because the lawyers were from Texas and did almost all the work there, it reasoned, Texas law applied. And because (as everyone agrees) Texas law allowed the fees, it dismissed the suit. Gore and Lance-Smith now appeal. We certified this case to the Supreme Court of New Jersey, which declined to hear it. We now review the dismissal de novo. *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018).

## II. TEXAS LAW APPLIES

Gore and Lance-Smith brought this suit in New Jersey. So to decide what fee rules govern, we must ask what law a New Jersey court would apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). New Jersey courts apply the "law of the state which … has the most significant relationship to the occurrence and the parties." *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 458 (N.J. 2008) (quoting Restatement (Second) of Conflict of Laws § 145(1) (1971)).

That state is Texas. Gore is a Texan. She was injured in Texas. She hired Texas law firms. She agreed to a settlement negotiated in Texas, administered by a Texas special master, and supervised by a Texas court. Her attorney's fees were also negotiated in Texas,

3

paid in Texas, and approved by a Texas court. As for Lance-Smith, apart from her Alabama residence and injury, she has all the same Texas ties. The only link to New Jersey is that the Texas lawyers filed placeholder cases there before abandoning them. So a New Jersey court would apply Texas law.

Gore and Lance-Smith argue that New Jersey always applies its own fee cap to attorney's-fee issues. Not so. True, the cap protects "any litigant who properly seeks redress in [New Jersey] courts." *Du-Wel Prods., Inc. v. U.S. Fire Ins. Co.*, 565 A.2d 1113, 1120 (N.J. Super. Ct. App. Div. 1989). But by "any litigant," *Du-Wel* meant anyone paying for *use* of New Jersey courts—not anyone paying for an out-of-state case but trying to *escape* that fee in New Jersey. As that court also said, New Jersey "views its counsel-fee rules as inextricably bound to the question of access to [its] courts." *Id.*; *see also Elder v. Metro. Freight Carriers, Inc.*, 543 F.2d 513, 519 (3d Cir. 1976).

Gore and Lance-Smith paid their lawyers to bring a Texas case, not a New Jersey one. Though their lawyers considered suing in New Jersey and took some clerical steps there, they changed their mind and did everything else in Texas. This case might be different if the Texas settlement were a sham: if, say, the lawyers nearly got a judgment in New Jersey, but then settled in Texas to evade the cap. But the lawyers did almost no work in New Jersey. They earned their fees in Texas, so Texas law applies.

Gore and Lance-Smith are suing not only their Texas lawyers, but also the New Jersey local counsel with whom their lawyers briefly partnered. They allege malpractice and breach of fiduciary duty. At least the New Jersey lawyers, they argue, were bound by the fee cap. But local counsel never violated the cap: they neither signed the women's retainer

4

agreements nor got any money under them. At best, they failed to ensure that the Texas lawyers obeyed the cap. The Texas lawyers were not bound by the cap, though. So local counsel did nothing wrong.

Finally, Gore and Lance-Smith fault the District Court for denying discovery on what state's law applies. But they do not explain how discovery could make a difference. We do not think it could. Based on the undisputed facts, their argument fails as a matter of law.

* * * * *

Lawyers must follow the rules of the state where they sue, not those of states where they considered suing. The Texas lawyers toyed with suing in New Jersey, but ultimately did not. Because the New Jersey fee cap does not apply to this Texas attorney's fee, we will affirm.